Kirk Douglas **MURPHY**, Petitioner–Appellant,

v.

Diana **BUTLER**, Warden, Respondent–Appellee.

No. 03–56216.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 4, 2004.[*]

Decided Nov. 17, 2004.

Karyn H. Bucur, Attorney at Law, Laguna Hills, CA, for Petitioner–Appellant.

Kirk Douglas Murphy, Soledad, CA, Thomas C. Hsieh, AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: FERNANDEZ, SILVERMAN, and CALLAHAN, Circuit Judges.

MEMORANDUM [**]

Kirk D. Murphy appeals the district court's entry of summary judgment against him on his habeas corpus petition in which he asserted that the prosecutor violated the dictates of *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). We affirm.

Because the California Court of Appeal applied an incorrect standard for determining whether Murphy made out a prima facie case that the prosecutor exercised peremptory challenges in a racially discriminatory manner,[1] we review its deci-

---

[*] The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See People v. Wheeler,* 22 Cal.3d 258, 280–81, 583 P.2d 748, 764, 148 Cal.Rptr. 890,

905—06 (1978); *see also People v. Bernard,* 27 Cal.App.4th 458, 465—66, 32 Cal.Rptr.2d 486, 490 (1994) (test is "strong likelihood" which is more stringent than reasonable inference). The California Supreme Court has disapproved of *Bernard. See People v. Box,* 23 Cal.4th 1153, 1188 n. 7, 5 P.3d 130, 152 n. 7, 99 Cal.Rptr.2d 69, 94 n. 7 (2000); *see also*

sion de novo.[2]  A pattern of discrimination will suffice to establish a prima facie case. *See Batson,* 476 U.S. at 96–97, 106 S.Ct. at 1723.  A sufficient statistical showing can establish the necessary pattern.  *See Paulino,* 371 F.3d at 1091; *Fernandez,* 286 F.3d at 1078—80; *Montiel v. City of L.A.,* 2 F.3d 335, 340 (9th Cir.1993).  Murphy failed to develop the record sufficiently to make that showing; he simply pointed to the fact that a certain number of African–American prospective jurors had been challenged.

Nor did Murphy attempt to show the trial court that there was something more to indicate a violation.  *See Paulino,* 371 F.3d at 1092; *Wade v. Terhune,* 202 F.3d 1190, 1198 (9th Cir.2000).  At any rate, we, like the district court, have reviewed the record and agree that the "more" is not there.

AFFIRMED.

---

*People v. Johnson,* 30 Cal.4th 1302, 1306, 71 P.3d 270, 272, 1 Cal.Rptr.3d 1, 3—4 (2003). However, this case was decided between *Bernard* and *Box,* and the Court of Appeal used the "strong likelihood" rubric.

**2.**  *See Paulino v. Castro,* 371 F.3d 1083, 1090 (9th Cir.2004); *Fernandez v. Roe,* 286 F.3d 1073, 1077 (9th Cir.2002); *Cooperwood v. Cambra,* 245 F.3d 1042, 1047 (9th Cir.2001).